IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03795-RBJ

SURESH BUDHA,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Suresh Budha's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1.

Petitioner is a 36-year old native and citizen of Nepal who is currently detained at Denver Contract Detention Facility in Aurora, Colorado. He entered the United States without inspection on July 24, 2024 and was arrested by Custom and Border Protection on the same date. He was released on his own recognizance under INA 236(a). The U.S. Department of Homeland Security issued a Notice to Appear on August 14, 2024, directing him to appear before an immigration judge on

September 16, 2024. He filed an asylum application with U.S. Citizenship and Immigration Services on or around December 31, 2024.

On or about June 15, 2026 Mr. Budha received a citation in Colorado relating to the sale of alcohol to a minor. He alleges that he has otherwise complied with the terms of his release and has appeared at all required immigration hearings and appointments. On or about July 22, 2026 Mr. Budha was rearrested (re-detained), without a pre-deprivation hearing and allegedly without notice of the basis for his detention. He is scheduled for a Master Hearing at the Aurora Immigration Court on August 19, 2026.

Mr. Budha claims that his detention without a bond hearing violates both substantive and procedural due process and the Immigration and Nationality Act. He also alleges that a bond hearing now before an immigration judge would be an inadequate remedy. Rather, he asks the Court to order his immediate release from custody under conditions not more restrictive than existed at the time immediately before his rearrest.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of a petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for petitioner is directed by Monday, August 24, 2026 to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" and granting respondents a 14-day deadline to respond) (omitting internal citations).

Dated: August 19, 2026. BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge