IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03795-RBJ

SURESH BUDHA,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Suresh Budha's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition"). ECF No. 1.

Petitioner seeks an order declaring his current immigration detention unlawful under the Constitution and United States law and asks this Court to order his release. *Id.* at 1-2. Respondents have declined to file a responsive brief, and they recognize that the Court may grant the Petition and award appropriate relief. ECF No. 6 at 1-2. If so, Respondents state that the appropriate relief would be to order a bond hearing for Petitioner or to release him. *Id.*

For the reasons set forth below, the Court agrees that Petitioner's current detention is unlawful and orders Respondents to release him.

## I. Background

Petitioner is a 36-year-old citizen of Nepal currently detained at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 at 5. He entered the United States without inspection on or about July 23, 2024, and was arrested. *Id.* at 2. Petitioner was eventually released on his own recognizance under 8 U.S.C. § 1226(a)(2)(B) and later directed to appear for removal proceedings. *Id.* at 2, 15. Petitioner filed an asylum application with the U.S. Citizenship and Immigration Services on December 31, 2024. *Id.*

On or about June 15, 2026, Petitioner received a citation in Colorado for sale of alcohol to a minor and was rearrested the following month without a pre-deprivation hearing and allegedly without notice of the basis of his detention. *Id.* at 16.

On August 18, 2026, Petitioner filed this Petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner argues that his detention violates his constitutional rights because he is not a flight risk or danger to the community; was rearrested without notice, a hearing, or relevant change in circumstances; and is not properly subject to detention under 8 U.S.C. § 1225(b). *Id.* at 18-20.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the

United States." § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

Respondents have pointed to no evidence that Petitioner's detention is justified to further any legitimate goals of the government, nor is there any evidence that he was given adequate procedural due process during his rearrest and subsequent detention. Furthermore, the fact that Petitioner was previously arrested and released under § 1226 supports his argument that his rearrest nearly two years later is not properly subject to § 1225(b). Overall, Respondents have offered no evidence to undermine Petitioner's allegations that his continued detention is unlawful, and their response brief effectively concedes as much.

The Court therefore concludes that Petitioner's continued detention is unconstitutional.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.
2. Respondents MAY NOT impose additional release conditions other than those that Petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.

It is SO ORDERED.[1]

Dated: September 17, 2026 BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent Petitioner seeks attorney fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.